IN THE UNITED STATES DISTRICT COURT

LINCOLN GENERAL INSURANCE
COMPANY,

       Plaintiff,                                        No. CIV S-07-1015 LKK EFB

    vs.

ACCESS CLAIMS
ADMINISTRATORS, INC.,                       ORDER

       Defendant.
_____/

       This case was before the undersigned on May 28, 2008, for hearing on defendant's motion to quash a subpoena served on third-party American International Specialty Lines Insurance Company ("AISLIC"). Brian Worthington appeared as plaintiff's counsel and Robert Davies appeared as defense counsel. For the reasons stated on the record at the hearing, defendant's motion to quash is denied without prejudice to renewal.

       Although AISLIC is the entity upon which the subpoena was served, defendant Access Claims Administrators, Inc. ("Access") has moved to quash the subpoena. *See Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (E.D. Pa. 2001) (although a party generally does not have standing to quash a subpoena served on a third party, an exception is made, where "the party seeks to quash based on claims of privilege relating to the documents being sought."). Here, Access moves to quash the subpoena served on AISLIC based on various privileges relating to the documents sought. Foremost among the privileges asserted by Access is the so-called

1  mediation privilege.[1]  *See* Fed. R. Civ. P. 45(c)(3) (motion to quash should be granted where
2  subpoena requires disclosure of privileged information).  In its motion, Access does not purport
3  to assert the mediation privilege on behalf of AISLIC.  Rather, Access asserts that *all* documents
4  responsive to the subpoena – regardless of who created them or who currently possesses them –
5  are protected by the mediation privilege.  In essence, Access asserts the privilege both on its own
6  behalf and on behalf of AISLIC.

7      In the absence of a privilege log, the court cannot properly evaluate these assertions of
8  privilege.  *See* Fed. R. Civ. P. 45(d)(2) (requiring subpoenaed information withheld on the basis
9  of privilege to be described in a manner sufficient for the opposing party – and the court – to
10 assess the claim); *see also Ceramic Corp. of Am. v. Inka Maritime Corp*., 163 F.R.D. 584, 587
11 (C.D. Cal. 1995) (assertions of privilege must be supported by a description of the withheld
12 documents sufficient to enable the demanding party to test the claim).  Based on the submitted
13 papers and the discussions at the hearing, it is clear that AISLIC and Access are working in
14 concert to respond to the subpoena.  Accordingly, the court orders AISLIC and Access to work
15 in concert to produce the privilege log required under Fed. R. Civ. P. 45(d)(2).  The log shall be
16 produced to plaintiff within two weeks from the date of service of this order.  Failure to provide
17 the log may result in a finding that all privileges have been waived.  *See Ceramic Corp.*, 163
18 F.R.D. at 587.  The parties shall continue the meet and confer efforts begun at the May 28, 2008,
19 hearing.

20     SO ORDERED.
21 DATED: May 30, 2008.

    _____
    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

---

[1] The court foregoes a detailed discussion of the facts underlying this case, but notes that Access sued AISLIC in New York state court based on an insurance policy related to Access's potential liability in the present lawsuit.  AISLIC and Access went to mediation, which resulted in a confidential, out-of-court settlement.