Mona Z. Hanna, Esq., SBN 131439
**MICHELMAN & ROBINSON, LLP**
4 Hutton Centre Drive, Suite 300
Santa Ana, California 92707
Telephone: (714) 557-7990
Facsimile: (714) 557-7991

Robert E. Davies, Esq., SBN 106810
**CAULFIELD, DAVIES & DONAHUE LLP**
P.O. Box 277010
Sacramento, CA 95827-7010
Telephone: (916) 817-2900
Facsimile: (916) 817-2644

Lewis E. Hassett, Esq.
Jessica F. Pardi, Esq.
**MORRIS, MANNING & MARTIN, LLP**
1600 Atlanta Financial Center
3343 Peachtree Road
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532

**Attorneys for Defendant:**
**ACCESS CLAIMS ADMINISTRATORS, INC.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| LINCOLN GENERAL INSURANCE COMPANY, | Case No. 2:07-cv-01015-LKK-EFB |
| Plaintiff, | |
| v. | **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |
| ACCESS CLAIMS ADMINISTRATORS, INC., and DOES 1 through 75, inclusive, et al., | |
| Defendants. | Complaint Filed: APRIL 9, 2007 |

This matter is before the Court upon the parties' Joint Motion for a Stipulated Confidentiality and Protective Order pursuant to Federal Rule of Civil Procedure 26(c). The Court finds that discovery sought by the parties in the above-styled case will involve production of documents and materials containing confidential and protected information and witness testimony containing confidential and protected information. Accordingly, it is hereby

**ORDERED:**

A Stipulated Confidentiality and Protective Order is entered as follows:

## Definitions

1. All words or phrases have their ordinary dictionary definition unless defined below.

2. "Party" or "Parties" means any parent, subsidiary or affiliate corporation of the named parties, their successors-in-interest and predecessors-in-interest, and their employees, agents and representatives.

3. "Person" means any legal or natural person directed to produce documents or information in this litigation.

4. "Outside Counsel" means a firm of attorneys with clients other than a party hereto, none of whose members or associates are employees, officers, directors, or owners in any capacity of a party hereto

1  and whose offices are not located on the premises of a
2  party hereto.
3      5. "Independent Expert" and "Independent
4  Consultant" mean a person who is not an employee,
5  officer, director, or owner in any capacity of a party
6  and who is retained by a party or a party's Outside
7  Counsel for the purpose of assisting in this litigation.
8      6. "Confidential Information" means information in
9  written, oral, electronic or other form, whether it be a
10 document, information contained in or derived from a
11 document, information revealed during a deposition, or
12 information revealed in responding to a discovery
13 request that discloses the negotiated or actual terms of
14 any settlements related to a March 3, 2003, automobile
15 accident and between or among any one or more of the
16 following:  David Dias, Diana Landry aka Diana Dias,
17 General Motors Corporation, Les Schwab Tire Centers of
18 California, Inc., Les Schwab Warehouse Center, Inc.,
19 Tuff Country, Inc. d/b/a Tuff Country, EZ Ride
20 Suspension, and/or Billings Chevrolet-Geo, Inc.

**Designation of Confidential Information**

22     7. *Designation of Confidential Material.*
23 Documents and other tangible material claimed to be or
24 to contain Confidential Information shall, prior to
25 production, be marked by the producing party as
26 "Confidential."  Placement of the "Confidential"
27 designation on each protected page or on the initial
28 page of a protected document when it is produced shall

Stipulated Confidentiality
and Protective Order
21294

3

constitute the notice and shall designate the documents Confidential material.  Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Stipulated Confidentiality and Protective Order.  The foregoing sentence, however, does not include indices or other documents that do not contain the substantive Confidential Information.

8. *Subsequent Designation*.  Documents produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved.  Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Stipulated Confidentiality and Protective Order.  No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

9. *Designation of Interrogatory Responses*.  If an answer to an interrogatory is to contain Protected Information, such Protected Information shall be stated

on a separate page to be incorporated by reference in the body of the interrogatory response. Only the separate page containing the Confidential Information shall be designated as "Confidential" as provided in this Stipulated Confidentiality and Protective Order.

10. *Designation of Depositions*. Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within twenty-one (21) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential. If any portion of a deposition is designated as Confidential, such portions shall be labeled "Confidential" and treated as Confidential material pursuant to this Stipulated Confidentiality and Protective Order. If Confidential portions of a deposition are to be used at a hearing or at trial or otherwise filed with the Court, such filing or use must comply with paragraphs 17 and/or 18 herein.

11. *Information that is Not Confidential*. Any party desiring to disclose designated Confidential Information on the grounds that such information does

not constitute Confidential Information pursuant to the terms of this paragraph must, prior to disclosing the designated Confidential Information, obtain written permission from the designating party or a court order permitting such disclosure.

**Access to Protected Information**

12. *General Access*. Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

    (a) To the Court and Court staff.

    (b) To mediator(s), arbitrator(s), or special master(s) attempting to assist in resolving or adjudicating all or any portion of this matter, provided that the mediator(s), arbitrator(s), or special master(s) are appointed by the Court or all parties agree in writing that the mediator(s), arbitrator(s), or special master(s) may serve in that capacity. Before any party may disclose Confidential Information to any mediator(s), arbitrator(s), or special master(s) who were not appointed by order of the Court, such mediator(s), arbitrator(s), or special master(s) must have signed and delivered to counsel of record for each party a letter in the form of Exhibit A hereto.

    (c) To Outside Counsel for a party hereto.

Stipulated Confidentiality and Protective Order
21294

(d) To secretaries, paralegals, and other staff employed in the offices of such Outside Counsel who are working on the case.

(e) To court reporters transcribing a deposition, hearing, or other proceeding in this matter.

(f) To witnesses who, at the time they testify or are deposed, are employed by or retained by the party that produced the Confidential Information or designated the information as confidential.

(g) To witnesses in depositions other than those employed or retained by the producing or designating party, provided such witness has signed and delivered to counsel of record for each party a letter in the form of Exhibit A hereto.

(h) To independent experts and independent consultants retained to assist in the preparation, settlement, or trial of this case, provided such expert or consultant has signed and delivered to counsel of record for each party a letter in the form of Exhibit A hereto.

(i) To such other persons as hereafter may be agreed upon in writing or on the record among counsel for all parties and who sign Exhibit A attached hereto.

13. *Officer/Director Access*. Information designated Confidential may also be revealed to officers, directors, and employees of any party, provided that, prior to such disclosure, Outside Counsel of record for all other parties in the action shall have received an agreement in the form of Exhibit A hereto signed by the officer, director, or employee who is to be granted access to the Confidential Information.

14. *No Copies/Notes*. Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

15. *Disputes; Attorney's Fees*. If a dispute arises regarding the interpretation or enforcement of this Stipulated Confidentiality and Protective Order, including but not limited to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may request or move the Court to permit the disclosure. The party seeking to disclose Confidential Information to a particular person shall have the burden of persuasion, although the designating party shall always have the burden of persuasion as to the propriety of the designation. The parties agree to cooperate in seeking prompt resolution

by the Court of any disputes arising under this Stipulated Confidentiality and Protective Order. In ruling on disputes regarding the enforcement and/or interpretation of this Stipulated Confidentiality and Protective Order, the Court will have the discretion, but not the obligation, to award fees and costs of such request or motion, including reasonable attorney's fees and costs, to the prevailing party or parties.

### Use of Confidential Information

16. *Use in this Litigation Only*. Confidential Information may be used only for purposes of this litigation, or to enforce any party's legal rights at issue in this litigation, and specifically shall not be used or referred to, directly or indirectly, (a) for any business or competitive purpose, (b) for publicity, (c) in any advertising, or (d) in any material disseminated to any person not authorized to receive such material under the terms hereof, except as set forth above and in this Stipulated Confidentiality and Protective Order. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

17. *Use at Court Hearings and Trial*. Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the

1  evidence containing Confidential Information gives
2  reasonable advance notice to the Court and counsel for
3  the producing or designating party. Any party may move
4  the Court for an order that the evidence be received *in*
5  *camera* or under other conditions to prevent unnecessary
6  disclosure, including, but not limited to, removal from
7  the courtroom of persons not authorized by this
8  Stipulated Confidentiality and Protective Order to
9  receive Confidential Information. Whether or not such
10 extraordinary relief will be granted is solely within
11 the discretion of the presiding judge. ~~If presented at~~
12 ~~trial, the status of evidence as Confidential~~
13 ~~Information shall not be disclosed to the finder of~~
14 ~~fact.~~

### Other Provisions

16    18. *Filing Under Seal.* ~~Each document filed with~~
17 ~~the Court that contains any Confidential Information~~
18 ~~shall be filed in a sealed envelope or other appropriate~~
19 ~~sealed container on which shall be set forth the title~~
20 ~~and number of this action, a general description or~~
21 ~~title of the contents of the envelope, and a statement~~
22 ~~that the contents are Confidential and subject to a~~
23 ~~Protective Order and that the envelope is not to be~~
24 ~~opened nor the contents thereof revealed except to~~
25 ~~counsel of record in the case or court personnel, or~~
26 ~~pursuant to order of the Court.~~ ~~Copies of such~~
27 ~~documents served on counsel for other parties shall be~~
28 ~~marked as Confidential~~. Any requests to file documents

under seal shall be made in accordance with the Local Rules. *See* Local Rule 39-140, 39-141.

19. *Maintaining Sealed Documents*. ~~The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony designated as Confidential Information that are filed in this litigation.~~ The Local Rules shall govern all sealing and unsealing of documents. *See* Local Rule 39-140, 39-141.

20. *Reasonable Precautions*. Counsel for each party shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

21. *Not an Admission*. Nothing in this Order or done by the parties pursuant to this Order shall constitute an admission by the party, or shall be used as evidence, that information designated as Confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

22. *Effective Date*. This Stipulated Confidentiality and Protective Order shall serve as a stipulation and agreement between the parties, and shall be effective immediately upon signature by counsel for

all parties. Should the Court modify any material provision hereof or enter an order containing materially different terms, the subsequent Court Order shall supersede and replace this Stipulated Confidentiality and Protective Order.

23. *Inadvertent Production*. The inadvertent production of privileged material shall not be deemed a waiver of the applicable privilege.

ORDER

The proposed order, as modified above, is hereby approved.

So ordered.

DATED: June 30, 2008

_____
Hon. Edmund F. Brennan
United States Magistrate Judge

United States District Court
Eastern District of California
Sacramento Division

So stipulated and agreed this 5th day of June, 2008.

                                    RYAN MERCALDO & WORTHINGTON LLP

                                    s/ Brian P. Worthington
                                    ─────────────────────────────
                                    Brian P. Worthington
                                    California Bar No. 179590

                                    Attorneys for Lincoln General
                                    Insurance Company

3636 Nobel Drive
Suite 200
San Diego, California  92122
Phone: (858) 455-8700
Fax: (858) 455-8701

                                    MORRIS, MANNING & MARTIN, LLP

                                    s/ Jessica F. Pardi
                                    ─────────────────────────────
                                    Jessica F. Pardi
                                    Georgia Bar No. 561204

                                    Attorneys for Access Claims
                                    Administrators, Inc.

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Phone: (404) 233-7000
Fax: (404) 365-9532

**EXHIBIT A**

**AGREEMENT CONCERNING INFORMATION COVERED BY STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

Re: *Lincoln General Insurance Company v. Access Claims Administrators, Inc., and Does 1 through 75, inclusive, et al.*, Case No. 2:07-cv-01015-LKK-EFB, in the United States District Court for the Eastern District of California, Sacramento Division

I have been designated by _____[PARTY NAME]_____ as a person who may have access to Confidential Information as that term is defined in the Stipulated Confidentiality and Protective Order entered in the above-entitled action.

Having read the Stipulated Confidentiality and Protective Order, I agree to comply fully with it and to be bound by its terms with respect to all Confidential Information as defined therein. I agree not to copy or disclose to any nonqualified person or entity any Confidential Information that has been disclosed to me.

If I violate any terms of that Stipulated Confidentiality and Protective Order with respect to the treatment of Confidential Information, I agree to submit myself to the jurisdiction of the United States District Court, Eastern District of California, Sacramento Division, for the purpose of enforcement of the terms of the Stipulated Confidentiality and Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this ___ day of _____, 2008.

_____
Name

_____
Address

_____
Employer

_____
Job Title