Lewis E. Hassett, Esq.
Jessica F. Pardi, Esq.
**MORRIS, MANNING & MARTIN, LLP**
1600 Atlanta Financial Center
3343 Peachtree Road
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532

Robert E. Davies, Esq., SBN 106810
**CAULFIELD, DAVIES & DONAHUE LLP**
P.O. Box 277010
Sacramento, CA 95827-7010
Telephone: (916) 817-2900
Facsimile: (916) 817-2644

**Attorneys for Defendant:**
**ACCESS CLAIMS ADMINISTRATORS, INC.**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| LINCOLN GENERAL INSURANCE COMPANY, | Case No. 2:07-cv-01015-LKK-EFB |
| Plaintiff, | |
| v. | **DEFENDANT'S SEPARATE PRETRIAL STATEMENT** |
| ACCESS CLAIMS ADMINISTRATORS, INC., and DOES 1 through 75, inclusive, et al., | Complaint Filed: APRIL 9, 2007<br>Trial Date: June 16, 2009 |
| Defendants. | |

COMES NOW Defendant, Access Claims Administrators, Inc. ("Access Claims"), and hereby files Defendant's Pretrial Statement, pursuant to Local Rule 16-281 and this Court's Order dated December 28, 2007, as amended (the "Scheduling Order").

1
**Defendant's Pretrial Statement**

## I. Nature of the Action

Access Claims served as a claims administrator for Lincoln General Insurance Company ("Lincoln"). Lincoln's insured, Manuel Coleman ("Coleman"), was in an automobile accident (the "Accident"), which resulted in serious injuries to Diana Dias. Her husband, David Dias (collectively, the "Diases"), was driving the car and sustained, at most, insignificant injuries. Coleman's two daughters were in his car and sustained injuries.

The Diases' attorney allegedly made a single time-limited demand for $30,000 on behalf of both. After the demand expired without acceptance, the Diases' attorney claimed that the policy limits had been opened. Lincoln later settled the Diases' claims for $3.8 million and brought this action seeking indemnification from Access Claims for, *inter alia*, breach of contract, breach of good faith and fair dealing, and fraud.

## II. Identification of Non-discovery Motions

Pursuant to the Scheduling Order, Access Claims hereby identifies every non-discovery motion tendered to the Court and its resolution, as follows:

1.  Motion to Dismiss by Access Claims, filed June 19, 2007. The Court granted this Motion with respect to negligence and negligent misrepresentation claims and denied this Motion with respect to the claims for breach of contract, breach of good faith and fair dealing, and fraud.

2.  Motion to Transfer by Access Claims, filed July 17, 2007. The Court denied this Motion.

3.  Motion for Summary Judgment by Access Claims, filed November 7, 2008. The Court granted this Motion in part and

denied this Motion in all other respects.

4.  Motion to Amend the Judgment to Grant Certificate of Interlocutory Appeal by Access Claims, filed February 3, 2009.  The Court denied this Motion.

### III.  Access Claims' Pretrial Statement

**1. Jurisdiction — Venue.**  The Court has jurisdiction over the instant matter based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a) and (c).  Lincoln is a citizen of Pennsylvania, Access Claims is a citizen of Georgia, and the amount in controversy exceeds the sum of $75,000.  Venue is proper in the Eastern District of California, Sacramento Division, pursuant to 28 U.S.C. § 1441, because the Court embraces the Superior Court of California, San Joaquin County, from which this matter was removed.  There is no dispute concerning jurisdiction or venue.

**2. Jury — Non-jury.**  The case should be tried by a jury, since both parties demanded a trial by jury.  (*See* Lincoln's Separate Pre-Trial Statement ("Lincoln's Statement"), p. 3; Demand for Trial by Jury by Access Claims Administrators, Inc., Sept. 27, 2007.)

**3. Undisputed Facts.**  Pursuant to the Scheduling Order, this information is contained in the Joint Statement submitted with Lincoln's Statement.

**4. Disputed Factual Issues.**  Pursuant to the Scheduling Order, this information is contained in the Joint Statement submitted with Lincoln's Statement.

**5. Disputed Evidentiary Issues.**  Access Claims reasonably anticipates disputes concerning admissibility of the following evidence at trial:

(a) Any testimony by Daniel F. Quinn and any use or reference to the expert report prepared by Mr. Quinn is inadmissible pursuant to Fed.R.Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). This dispute should be resolved by motion in limine.

(b) Any testimony by Thomas L. Carter and any use or reference to the expert report prepared by Mr. Carter is inadmissible pursuant to Fed.R.Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). This dispute should be resolved by motion in limine.

**6. Special Factual Information in Actions Involving Contracts.** Pursuant to the Scheduling Order, this information is contained in the Joint Statement submitted with Lincoln's Statement.

**7. Relief Sought.** Access Claims does not request any affirmative relief in this matter other than, to the extent Lincoln has a right to seek attorney's fees, a reciprocal right to attorney's fees.

**8. Points of Law.** The following legal theories of defense and points of law may reasonably be expected to be in controversy:

(a) Whether Lincoln must show that it was actually liable to the Diases at the time of the settlement. The parties appear to agree that actual liability must be shown but disagree as to whether the entry of an excess judgment is a necessary element of such liability. *See New Hampshire Indem. Co. v. Preferred Claim Svcs., Inc.*, No. DU51230, 2008 WL 511084 (Cal. Ct. App. Dec. 5, 2008) (unpublished); *see*

*also TIG Ins. Co. v. Preferred Claims Svcs., Inc.*, No. EO44351, 2009 WL 323279, at *5 (Cal. Ct. App. Feb. 10, 2009) (unpublished) (claims administrator's duty to indemnify insurer did not arise until entry of excess judgment). The court ruled against Access Claims on this point on summary judgment, and Access Claims seeks to preserve the issue for appeal.

(b) Whether it was reasonable for Access Claims not to accept the time limited demand, which essentially demanded $15,000 in compensation for David Dias' injury. On summary judgment, the court ruled against Access Claims, and Access Claims seeks to preserve this issue for appeal. (Order on Summary Judgment, p. 23).

(c) Whether the time limited demand could trigger liability over the policy limits if it was not received (i) in Access Claims' office and/or (ii) by someone at Access Claims with sufficient knowledge to recognize its significance. The parties appear to agree that the policy limits could not have been opened unless Access Claims received the time limited demand. *See Back v. Allstate Ins. Co.*, 2005 WL 1683885, at *8 (E.D.Cal. July 13, 2005). Access Claims contends that receipt by an employee of unsuitable discretion or the loss of the demand within Access Claims also would preclude liability, since the insurer would not have consciously refused to accept the demand. *See Allen v. Allstate Ins. Co.*, 656 F2d 487 (9th Cir. 1981)(discussing insurer's bad faith liability in terms of conscious refusal).

(d) Whether intentional conduct must be shown to establish a breach of the covenant of good faith and fair

dealing. *Careau & Co. v. Security Pacific Credit Inc.*, 222 Cal. App. 3d 1371, 1395 (1990). The Court ruled contrary to Access Claims on summary judgment. Access Claims seeks to preserve the issue for appeal. *See also North Sea Foods, Inc. v. Real Est. Equity Group, IV*, 2008 WL 1839113, at *4 (Cal. Ct. App. April 25, 2008) (unpublished) (breach of covenant of good faith and fair dealing requires "affirmative misfeasance").

(e) Whether the covenant of good faith and fair dealing required Access Claims affirmatively to report the Dias claim to Lincoln. The Court ruled against Access Claims on summary judgment. Access Claims seeks to preserve the issue for appeal. *See North Sea Foods, Inc. v. Real Estate Equity Group, IV*, 2008 WL 1839113, at *4 (Cal. Ct. App. April 25, 2008) (unpublished) (breach of contract of good faith and fair dealing requires "affirmative misfeasance").

(f) Access Claims agrees that the legal issue identified by Lincoln, i.e., the applicability and effect of Cal. Civ. Code § 2778, is disputed.

(g) Whether Lincoln's fraud claim is barred by the economic loss rule, even under California law, because it is intrinsic to the contract. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 22 Cal. Rptr. 3d 352, 102 P.3d 268 (2004).

**9. Abandoned Issues.** None. However, the following issues raised by the Complaint have been rejected on summary judgment:

(a) Lincoln's claim against Access Claims for breach of contract by failing to properly coordinate, direct and manage litigation activity by assigning defense to properly

approved legal counsel. (Order, Jan. 22, 2009, p. 16, n.5.)

(b) Any claim for breach of contract based on 10 CCR § 2695.5(b)(2005). (*Id.*, pp. 24-25).

(c) Any theory supporting Lincoln's claim against Access Claims for breach of the covenant of good faith and fair dealing other than: (1) failing to report to Lincoln that its conduct exposed Lincoln to bad-faith liability; and (2) failing to respond to the demand letter or otherwise handle the Diases' Claims appropriately. (*Id.*, p. 31.)

**10. Witnesses.** Pursuant to the Scheduling Order, Defendant's Witness List is attached herewith as a separate document.

**11. Exhibits — Schedules and Summaries.** Pursuant to the Scheduling Order, Defendant's Schedule and Summary of Exhibits is attached herewith as a separate document. Some of the Exhibits will be introduced with appropriate redactions.

**12. Discovery Documents.** Access Claims expects to offer the following answer to interrogatories during its case-in-chief:

(a) Plaintiff's Response to Defendant's First Interrogatories, Response to Interrogatory No. 6.

**13. Further Discovery or Motions.** Access Claims does not request further discovery or pretrial motions, other than motions in limine as addressed in Number 5, above.

**14. Stipulations.** None.

**15. Amendments — Dismissals.** None.

**16. Settlement Negotiations.** Access Claims accepts Lincoln's position on this point.

**17. Agreed Statements.** Access Claims accepts Lincoln's

1 position on this point.

2   **18. Separate Trial of Issues.**  Access Claims accepts Lincoln's position on this point.

   **19. Impartial Experts — Limitation of Experts.**  Access Claims does not believe appointment by the Court of impartial expert witnesses is advisable.  Pursuant to Fed. R. Civ. P. 26(a)(2)(A), the Court should limit the number of expert witnesses to those previously identified by the parties, subject to any evidentiary rulings regarding admissibility.

   **20. Attorneys' Fees.**  Access Claims seeks attorney's fees in connection with this litigation to be determined after trial.

   **21. Trial Exhibits.**  Access Claims requests the retention of trial exhibits pending decision on appeal.

   **22. Miscellaneous.**  None.

   This 30th day of March, 2009.

                              MORRIS, MANNING & MARTIN, LLP


                              /s/ Lewis E. Hassett
                              ─────────────────────────
                              Lewis E. Hassett
                              Georgia Bar No. 336140
                              Jessica F. Pardi
                              Georgia Bar No. 561204
                              Brian J. Levy
                              Georgia Bar No. 302518

                              Attorneys for Defendant, Access
                              Claims Administrators, Inc.

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA  30326
Telephone:    (404) 233-7000
Facsimile:    (404) 365-9532

OF COUNSEL:

Robert E. Davies, Esq. (CA Bar No. 106810)
CAULFIELD, DAVIES & DONAHUE LLP
P.O. Box 277010
Sacramento, CA 95827-7010
Telephone:   (916) 817-2900
Facsimile:   (916) 817-2644

Lewis E. Hassett, Esq.
Jessica F. Pardi, Esq.
**MORRIS, MANNING & MARTIN, LLP**
1600 Atlanta Financial Center
3343 Peachtree Road
Atlanta, Georgia 30326
Telephone:  (404) 233-7000;
Facsimile:   (404) 365-9532

Robert E. Davies, Esq., SBN 106810
**CAULFIELD, DAVIES & DONAHUE LLP**
P.O. Box 277010
Sacramento, CA 95827-7010
Telephone: (916) 817-2900
Facsimile: (916) 817-2644

**Attorneys for Defendant:**
**ACCESS CLAIMS ADMINISTRATORS, INC.**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| LINCOLN GENERAL INSURANCE COMPANY, <br>            Plaintiff, <br>   v. <br> ACCESS CLAIMS ADMINISTRATORS, INC., and DOES 1 through 75, inclusive, et al., <br>            Defendants. | Case No. 2:07-cv-01015-LKK-EFB <br><br> **DEFENDANT'S PRETRIAL STATEMENT** <br><br> Complaint Filed: APRIL 9, 2007 |

**CERTIFICATE OF SERVICE**

   I hereby certify that I electronically filed with the Clerk of Court the foregoing DEFENDANT'S PRETRIAL STATEMENT using the CM/ECF system which will

2439301 v05

automatically send email notification of such filing to the following attorneys of record:

        Brian P. Worthington, Esq.
        Ryan Mercaldo & Worthington LLP
        3636 Nobel Drive, Suite 200
        San Diego, California  92122

        Steven W. Zoffer, Esq.
        Frederick W. Bode, III, Esq.
        Dickie, McCamey & Chilcote, P.C.
        Two PPG Place, Suite 400
        Pittsburgh, Pennsylvania  15222-5402

This 30th day of March, 2009.

                MORRIS, MANNING & MARTIN, LLP

                /s/ Lewis E. Hassett
                Lewis E. Hassett
                Georgia Bar No. 336140

                Attorneys for Access Claims
                Administrators, Inc.

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA  30326
Telephone:   (404) 233-7000
Facsimile:   (404) 365-9532

2439301_v05